# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENINAH GOODWIN WEBB** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-1790** |
| **MELTON HORWITZ, et al.** | **SECTION: "G"(1)** |

## <u>ORDER</u>

Before the Court is Defendant Melton Horwitz's ("Defendant") "Motion to Dismiss, or in the Alternative, Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion to the extent that it will remand this case to the District Court of Harris County, Texas, 113th Judicial District.

## I. Background

This litigation arises from a traffic accident that occurred on May 22, 2012, in Houston, Texas.[2] Plaintiff Deninah Goodwin Webb ("Plaintiff"), a *pro se* litigant, claims that Defendant's negligence caused the accident and that Defendant is liable for the injuries Plaintiff sustained as a result of the accident.[3] Plaintiff originally filed a petition for damages, through an attorney, in the District Court of Harris County, Texas, 113th Judicial District on May 12, 2014.[4] On December 11, 2015, the Texas state court issued an order holding that Plaintiff had been adjudicated as a

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1 at 5.

[3] *Id.* at 6.

[4] Rec. Doc. 6-2.

1

"vexatious litigant" by another Texas state court and that neither Plaintiff nor her attorney had received permission from an administrative judge to file the instant case, as required by state law.[5] The state court further held that in the absence of an administrative judge's permission, the state court clerk had "mistakenly filed" Plaintiff's pleadings.[6]  The Texas state court stayed the litigation and ordered Plaintiff's case dismissed if she did not obtain permission from an administrative judge to proceed with the litigation within 31 days and by no later than January 11, 2016.[7]  The state court also noted that it had granted Plaintiff's attorney's motion to withdraw from representation of Plaintiff in the case.[8]

On March 7, 2016, Plaintiff, proceeding *pro se*, filed a Notice of Removal in this Court.[9] In addition to Defendant Horwitz, the Notice of Removal names as defendants Chubb Insurance Company, Santa Fe Insurance Company, and X, Y, and Z Liability Company, but does not include any allegations regarding them.[10]  On May 27, 2016, Defendant filed the instant motion to dismiss, or in the alternative, to remand to state court.[11]  On September 9, 2016, Plaintiff filed an opposition to the motion.[12]

---

[5] Rec. Doc. 6-4 at 1.

[6] *Id.*

[7] *Id.* at 2.

[8] *Id.* at 1.

[9] Rec. Doc. 1.

[10] *Id.* at 5.

[11] Rec. Doc. 6.

[12] Rec. Doc. 10.

## II. Parties' Arguments

### A.    Defendant's Arguments in Support of the Motion

Defendant argues that this case should be dismissed or remanded for several reasons.[13] First, Defendant argues that the Court lacks subject matter jurisdiction, because Defendant and Plaintiff were both citizens of Texas at the time of the filing of the state court petition and thus there is no diversity of citizenship in this case.[14] Next, Defendant contends that the Court lacks personal jurisdiction over him, because the accident giving rise to the litigation occurred in Texas and he does not have continuous and systematic contacts with the state of Louisiana.[15] Defendant further argues that under the federal removal statute, only a defendant is authorized to remove a case to federal court.[16] Moreover, Defendant contends that the case should be dismissed or remanded because the Notice of Removal violates the federal removal statutes in other respects: (1) the Notice was not filed in the federal district court for the district where the Texas state court case was pending and (2) the Notice was filed nearly two years after the Petition was filed.[17]

Next, Defendant argues that the Texas state court abated Plaintiff's state court case because of Plaintiff's status as a vexatious litigant and held that the clerk mistakenly filed her state court

---

[13] Rec. Doc. 6-1 at 1.

[14] *Id.* at 6.

[15] *Id.* at 8 (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).

[16] *Id.* (citing 28 U.S.C. §1441(a)).

[17] *Id.* at 9.

petition.[18] Moreover, Defendant contends, Plaintiff failed to comply with the state court's order to obtain permission to pursue the litigation from an administrative judge by January 11, 2016.[19] Defendant argues that the Court should dismiss the case or remand it to the state court to be dismissed pursuant to the state court's order of dismissal.[20] Finally, Defendant argues that the three defendants named in addition to Defendant in Plaintiff's Notice of Removal (CHUBB Insurance Company, Santa Fe Insurance Company, and X, Y, and Z Liability Company) are non-parties to this action and were never served with process of any kind.[21] Defendant requests that the Court remove the non-parties from the caption of the case and clarify that the non-parties are not parties to this case.[22]

**B.    *Plaintiff's Arguments in Opposition to the Motion***

In opposition to Defendant's motion, Plaintiff asserts that she is "[p]rimarily domiciled" in the Eastern District of Louisiana.[23] Plaintiff further asserts that on June 1, 2016, she had a hip replacement primarily due to the injuries she suffered as a result of the traffic accident with Defendant.[24] Plaintiff appears to assert that she attempted to obtain legal counsel in this case and contacted attorneys at three law firms in Texas.[25] According to Plaintiff, each of the attorneys she

---

[18] *Id.*

[19] *Id.* at 9–10.

[20] *Id.* at 10.

[21] *Id.*

[22] *Id.*

[23] Rec. Doc. 10 at 1.

[24] *Id.*

[25] *Id.* at 2.

contacted, along with Defendants' attorneys, attempted to prevent Plaintiff from recovering for the damages caused by the accident.[26] Plaintiff represents that an administrative judge found that she had a viable case against "the said Defendants," that the damages sought were more than $75,000, and that there was diversity because the Plaintiff was only in Texas due to Hurricanes Katrina, Rita, and Ike.[27] Additionally, Plaintiff appears to assert that the state court judge found that she has a viable claim.[28] Plaintiff also appears to argue that her right to due process under the Fourteenth Amendment was violated due to discrimination against New Orleans residents who had to relocate to Houston, Texas, due to natural disasters.[29]

According to Plaintiff, the existence of a counterclaim in this case does not bar removal, because there was "no notice of either a complaint, nor sanction, nor . . . a mere investigation" concerning the ethics of Defendant.[30] Regarding her status as a "vexatious litigant," Plaintiff contends that all of the actions in which she has been involved have been worthwhile and valid.[31] Moreover, Plaintiff argues that she cannot force attorneys to take her case or to remain on a case as her legal counsel.[32] Finally, Plaintiff argues that the injuries she sustained during the accident with Defendant are serious and that she was not granted any of the "requested materials, nor

---

[26] *Id.* at 2–4.

[27] *Id.* at 5.

[28] *Id.* at 6.

[29] *Id.* at 6–7.

[30] *Id.*

[31] *Id.* at 7–16 (reviewing the facts and outcomes of four cases in which Plaintiff was involved).

[32] *Id.* at 15.

motions" after the withdrawal of her counsel.[33] Plaintiff requests that her case be set for trial or that she be allowed to amend her petition.[34]

### III. Law and Analysis

**A.    *Legal Standard***

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[35] Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c).[36] Section 1447(c) provides, in part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[37] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[38] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[39]

**B.    *Analysis***

In his motion, Defendant argues that this case should be dismissed or alternatively, that it

---

[33] *Id.* at 16–17.

[34] *Id.* at 17.

[35] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[36] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, *3 (E.D. La. Dec. 29, 2014) (Brown, J.).

[37] 28 U.S.C. § 1447(c).

[38] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[39] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

should be remanded to the Texas state court.[40]  Defendant argues that this case should be remanded to the state court because only a defendant may remove a case originally filed in state court under 28 U.S.C. § 1441(a).[41]  Plaintiff contends that removal to this Court is proper because she is primarily domiciled in Louisiana and was only living in Texas temporarily.[42]  However, the Supreme Court has determined that a plaintiff may not remove an action to federal court pursuant to 28 U.S.C. § 1441(a).[43]  The guiding principle of this determination is that "the plaintiff, having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."[44]  Here, Plaintiff removed this action to the Eastern District of Louisiana, despite having submitted herself to the jurisdiction of the State court.[45]  Because "[o]nly a defendant, never a plaintiff, may remove a civil action from state to federal court,"[46] the Court finds that Plaintiff had no right of

---

[40] Rec. Doc. 6-1.

[41] Rec. Doc. 6-1 at 2.

[42] Rec. Doc. 10 at 5.

[43] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–108 (1941) (holding that a plaintiff may not remove an action even when a counterclaim is filed). *See also Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (affirming remand of case to state court because the removing party was a plaintiff under federal law and as a result, could not remove a case under 28 U.S.C. § 1441(a)).

[44] *Chateau Lafitte Homeowners Ass'n, Inc. v. St. Bernard Parish*, No. 11-737, 2011 WL 3268611, at *2 (E.D. La. July 28, 2011) (Berrigan, J.) (citing *In re Crystal Power Co.*, 641 F.3d 78, 81 (5th Cir. 2011) (*opinion withdrawn and superseded on rehearing on other grounds by In re Crystal Power Co.*, 641 F.3d 82 (5th Cir. 2011)) (quoting *Shamrock Oil & Gas Corp.*, 313 U.S. at 106) (internal quotation marks omitted)).

[45] Rec. Doc. 1.

[46] *Brooks v. State of Tex.*, 14 F.3d 55 (5th Cir. 1994) (finding that a district court properly remanded an action removed by a plaintiff who had originally brought the action in state court) (quoting *McKenzie v. U.S.*, 678 F.2d 571, 574 (5th Cir. 1982) (internal quotation marks omitted)). *See also LaChance v. Talmadge*, 273 F.3d 1108 (5th Cir. 2001) (upholding district court's award of attorney's fees and costs to defendant for plaintiff's improper removal and finding "frivolous" plaintiff's argument that he should be allowed to remove because of defendant's counterclaim against him).

removal[47] and that the case must be remanded to the Texas state court.[48]

### IV. Conclusion

Based on the foregoing, the Court finds that removal of this case by Plaintiff was improper and that remand to state court is appropriate.[49] Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss, or in the Alternative, Motion to Remand"[50] is **GRANTED** to the extent that the case is remanded to the state court.

**IT IS FURTHER ORDERED** that the case is remanded to the District Court of Harris County, Texas, 113th Judicial District.

**NEW ORLEANS, LOUISIANA**, this  2nd   day of December, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] *See Shamrock Oil & Gas Corp.*, 313 U.S. at 108; *Chicago, R.I. & P.R. Co.*, 346 U.S. at 580.

[48] In his motion to dismiss or remand, Defendant also argues that there is no diversity between the parties, that the Court lacks personal jurisdiction over Defendant, and that the parties listed in Plaintiff's Notice of Removal should be removed from the case caption. Because the Court finds that removal was improper and that the case must be remanded to the state court, it need not address Defendant's additional arguments.

[49] *See Shamrock Oil & Gas Corp.*, 313 U.S. at 108 (finding no right of removal for plaintiffs under federal removal statutes). *See also Brooks v. State of Tex.*, 14 F.3d 55 (5th Cir. 1994) (finding proper a district court's remand of an action removed by a plaintiff who had originally brought the action in state court); *LaChance v. Talmadge*, 273 F.3d 1108 (5th Cir. 2001) (upholding district court's award of attorney's fees and costs to defendant for plaintiff's improper removal of case that he had originally filed in state court); *Cooper v. City of Plano, Tex.*, 260 Fed. App'x 680 (5th Cir. 2007) (affirming the district court's remand order and holding that a plaintiff may not remove an action from state court to federal district court).

[50] Rec. Doc. 6.